(No. 3144— )

ALICE E. PELIKAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim is for the sum of Twenty-six Dollars and Five Cents ($26.05) for expenses incurred by claimant while acting in her official capacity as Secretary of the Illinois Board of Pharmacy, Division of Registration, Department of Registration and Education. Claimant alleges that she was a member of the Illinois Board of Pharmacy, acting at the request of the Department of Registration and Education, in attending Board Meetings and conducting examinations in Chicago, Illinois, during the period of time in which expenses were incurred, to-wit: March and June, 1937. It is further alleged that these expenses were incurred in the furtherance of the duties of claimant for the use of the State of Illinois, and at its request.

A stipulation of facts was entered into by the claimant and the Attorney General. She filed a proper Bill of Particulars showing itemized statement of expenses, with the Department of Registration and Education, but the same was not filed until after the appropriation had lapsed.

No question arises about the facts. The stipulation discloses that the services were rendered; that she was authorized and directed to render these services by the proper State authorities, and we have held that where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant, same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the expenditure was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same. The stipulation shows that there were sufficient funds remaining unexpended in the appropriation for this purpose at the time the services were rendered.

We are of the opinion that the claimant should be reimbursed for the money she has expended, and, therefore, will make an award to her in the sum of Twenty-six Dollars and Five Cents ($26.05).